FILED: 12/19/2023 11:53 AM
David Trantham
Denton County District Clerk
By: Teena Millsap, Deputy

CAUSE NO. 23-11553-431

| | | |
|---|---|---|
| **CHRISTELLA CAVINESS,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **VS.** | § | **___ JUDICIAL DISTRICT** |
| | § | |
| **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,** | § § § | |
| *Defendant* | § | **DENTON COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES CHRISTELLA CAVINESS**, hereinafter referred to by name or as Plaintiff, and complains of **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY** hereinafter referred to by name or as Defendant, and for cause of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

**1.** Plaintiff intends that discovery be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

**2.** Plaintiff **CHRISTELLA CAVINESS** (SSN xxx-xx-x489) is an individual residing in Tarrant County, Texas.

**3.** Defendant **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY** is an insurance company authorized to do business in the state of Texas and may be served with process

through its registered agent, C T Corporation System, 1999 Bryan St, Suite 900, Dallas, TX 75201, or wherever they may be found.

### III.
### JURISDICTION & VENUE

**4.**	This Court has jurisdiction over the parties because the amount in controversy is within the jurisdictional limits of this Court. Additionally, this Court has jurisdiction over the parties because Defendant is a Texas resident and/or does business in the State of Texas.

**5.**	Venue is proper in Denton County in this cause pursuant to § 15.002(a)(1) of the CIVIL PRACTICE & REMEDIES CODE because the incident which forms the basis of this lawsuit occurred in Denton County, Texas.

### IV.
### CONDITIONS PRECEDENT

**6.**	All conditions precedent to recovery have been performed or have occurred.

### V.
### FACTS

**7.**	This is a suit to recover damages arising from Defendant **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S** unfair refusal to pay insurance benefits pursuant to the policy of automobile insurance sold to Plaintiff.

**8.**	Specifically, Defendant refused to pay Plaintiff's claim under the Underinsured Motorist bodily injury provisions of the policy.

**9.**	Prior to June 27, 2022, Defendant **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY** issued to its insured, Plaintiff **CHRISTELLA CAVINESS**, a policy of insurance, insuring protection against bodily injury and property damage loss caused from the ownership,

maintenance, or use of an uninsured/underinsured motor vehicle. Said policy was number **836980328** and was in full force and effect on June 27, 2022.

10. On or about June 27, 2022, Plaintiff **CHRISTELLA CAVINESS** was operating a 2018 Toyota Corolla in a lawful manner while stopped at a red light headed westbound at the intersection of Hebron Parkway and Highway 121 in Carrolton, TX when her vehicle was suddenly, and without warning struck by **MARINO RODRIGUEZ**, who was operating a Black Ford Escape. The impact of the collision caused Plaintiffs vehicle to hit the Toyota RAV 4 in front of her.

11. The collision described above, and the resulting injuries and damages suffered by Plaintiff, were proximately caused by the negligent conduct of **MARINO RODRIGUEZ** in one or more of the following respects:

> a. failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;
>
> b. failing to timely apply the brakes of the vehicle in order to avoid the collision in question;
>
> c. operating his/her vehicle at a rate of speed that was greater than an ordinary prudent person would have driven under of similar circumstances;
>
> d. failing to blow horn warning of imminent danger;
>
> e. failing to maintain an assured, clear distance so as to avoid striking the vehicle in front of her;
>
> f. in following too closely–in violation of TEX. TRANSP. CODE §545.062; and
>
> g. in failing to control speed–in violation of TEX. TRANSP. CODE §545.351

Each of these acts and omissions, singularly or in combination, constituted negligence and negligence per se that proximately caused the occurrence made the basis of this action and the Plaintiff's injuries and damages as described below.

12.     As a result of the negligence of **MARINO RODRIGUEZ**, Plaintiff suffered severe bodily injuries. The injuries have had a serious effect on the Plaintiff's health and well-being. Some of the effects are permanent and will abide with the Plaintiff for a long time into the future, if not for Plaintiff's entire life.

13.     As a further result of the negligence and the injuries described above, Plaintiff has incurred expenses for medical care and attention. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiff, and the charges made and to be made were the usual and customary charges for such services. Plaintiff will require further medical care and attention and will incur reasonable expenses in the future for such medical needs.

14.     **MARINO RODRIGUEZ** at the time of the occurrence described above, covered by a liability insurance policy with limits of $50,055.00. Having determined that **MARINO RODRIGUEZ** was, at the time of the occurrence described above, operating an underinsured motor vehicle, as that term is defined in the policy of insurance, Plaintiff timely and properly notified Defendant **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY.**

15.     Since learning that Tortfeasor **MARINO RODRIGUEZ** was an underinsured driver, Defendant **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY** has refused to fairly pay Plaintiff's claim under the Underinsured Motorist provisions of Plaintiff's insurance policy, under which Plaintiff is a beneficiary.

## VII.
## CAUSES OF ACTION AGAINST ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY

16.     **CHRISTELLA CAVINESS** had a contract of insurance that provided uninsured and underinsured motorist benefits in effect at the time of the collision. **CHRISTELLA CAVINESS** paid her premiums and performed her duties under the contract and **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY** is responsible by virtue of **MARINO RODRIGUEZ**'s underinsured status.

17.     Plaintiff has fully complied with all the conditions of the insurance policy prior to bringing this suit. All conditions precedent has been performed or have occurred. Nevertheless, Defendant **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY** has failed and refused, and still fails and refuses, to pay Plaintiff benefits under this policy as it is contractually required to do.

18.     Based on the foregoing facts, and pursuant to the policy of insurance in force and effect between Plaintiff and Defendant **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY** at the time of the collision, Plaintiff seeks a declaratory judgment pursuant to Tex. Civ. Prac. & Rem. Code Ch. 37 that Plaintiff is entitled to recover from Defendant **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY** her damages resulting from the motor vehicle collision with **MARINO RODRIGUEZ**. That those damages fall within the coverage afforded under the Defendant **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S** insurance policy, and specifying the amount of damages, attorneys fees, interest, and court costs that Defendant **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY** is obligated to pay.

## VIII.
## DAMAGES

19. As a direct and proximate result of the collision and the negligent conduct of the Defendant, Plaintiff **CHRISTELLA CAVINESS** suffered bodily injuries as reflected in the medical records from the health care providers that have treated the injuries since the collision. The injuries may be permanent in nature. The injuries have had an effect on the Plaintiff's health and well-being. As a further result of the nature and consequences of her injuries, the Plaintiff has suffered and may continue to suffer into the future, physical pain and mental anguish.

20. As a further result of all of the above, Plaintiff has incurred expenses for her medical care and attention in the past and may incur medical expenses in the future to treat her injuries.

21. By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this Court for which she now sues.

22. Plaintiff further requests both prejudgment and post judgment interest on all damages as allowed by law.

23. Pursuant to Tex. Civ. Prac. & Rem. Code Ch. 37, Plaintiff seeks recovery of reasonable and necessary attorney's fees from Defendant **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY** for which Plaintiff here by sues.

24. Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers. However, RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE requires Plaintiff to affirmatively plead the amount of damages sought. Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief **OVER ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)** and a demand for judgment for all the other relief to which Plaintiff is justly entitled at the time of filing this suit, which, with the passage of time, may change.

## IX.
## INTEREST

**25.** Plaintiff further requests both pre-judgment and post-judgment interest on all her damages as allowed by law.

## X.
## DEMAND FOR JURY TRIAL

**26.** Plaintiff demands a trial by jury. Plaintiff acknowledges payment this date of the required jury fee.

## XI.
## REQUIRED DISCLOSURES

**27.** Pursuant to RULE 194 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is required to disclose the information and material described in each section of RULE 194.2 within thirty (30) days after the first answer is filed in this case.

## XII.
## NOTICE OF SELF-AUTHENTICATION

**28**. Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## XIII.
## DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designated E-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: kjackson-svc@tjhlaw.com. This is the undersigned's only E-Service email address, and service through any other email address will be considered invalid.

## XIV.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that the Defendant be cited to appear and answer, and on final trial hereafter, the Plaintiff has judgment against the Defendant in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Lost wages in the past;
12. Loss of future wage-earning capacity;
13. Loss of use;
14. Pre-judgment interest;
15. Post-judgment interest;
16. Exemplary damages; and
17. Reasonable and necessary attorney's fees.

RESPECTFULLY SUBMITTED,

**LAW OFFICES OF THOMAS J. HENRY**
**5711 UNIVERSITY HEIGHTS STE 101**
**SAN ANTONIO, TX 78249**
**PHONE: (361) 985-0600; FAX: (361) 985-0601**

BY: *[signature]*

**KYLE JACKSON**
**STATE BAR NO. 24128620**
*Email: kjackson-svc@tjhlaw.com*
**ATTORNEY FOR PLAINTIFF**
**\* Service by email to this address only**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kyle Jackson on behalf of Kyle Jackson
Bar No. 24128620
kjackson-svc@thomasjhenrylaw.com
Envelope ID: 82712240
Filing Code Description: Plaintiff's Original Petition
Filing Description:
Status as of 12/19/2023 1:14 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Kyle Jackson | | kjackson-svc@tjhlaw.com | 12/19/2023 11:53:13 AM | SENT |

| CITATION –TRC 99 and 106 |
|---|

THE STATE OF TEXAS                                    COUNTY OF DENTON

**CAUSE NO. 23-11553-431**

**TO: Allstate Fire & Casuality Insurance Company, Registered Agent: CT Corporation System, 1999 Bryan Street, Suite 900 Dallas, Texas 75201 (or wherever he/she may be found)**

Notice to defendant: You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may also be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

| Court: | 431st Judicial District Court<br>1450 E. McKinney, 4th Floor, Denton, TX 76209 |
|---|---|
| Cause No.: | 23-11553-431 |
| Date of Filing: | December 19, 2023 |
| Document: | Plaintiff's Original Petition |
| Parties in Suit: | Christella Caviness; Allstate Fire & Casuality Insurance Company |
| Clerk: | David Trantham, District Clerk, 1450 E. McKinney, Suite 1200, Denton, TX 76209 |
| Party or Party's Attorney: | Kyle Jackson<br>5711 University Heights Ste. 101 San Antonio, Texas 78249 |

Issued under my hand and seal of this said court on this the 19th day of December, 2023.

David Trantham, District Clerk
Denton, Denton County, Texas

BY: _____, Deputy
Teena Millsap

---

### Service Return

Came to hand on the _____ day of _____, 20___ , at _____m., and executed on the _____ day of _____, 20___, at _____ M by delivering to the within named _____ in person a true copy of this citation, with attached copy(ies) of the Plaintiff's Original Petition, at _____ _____.

Service Fee: $ _____                    _____ Sheriff/Constable
                                               _____ County, Texas

                                               _____
Service ID No. _____                           Deputy/Authorized Person

### VERIFICATION

On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated: upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure. I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Denton County Courts to serve process.

Subscribed and sworn to before me on this the _____ day of _____, 20__
                                               _____Notary Public